**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | Case No. 8:25-cr-0314-TDC |
| **v.** | * | |
| | * | |
| **JOHN ROBERT BOLTON, II,** | * | |
| | * | |
| **Defendant.** | * | |

**JOINT MOTION TO EXTEND DISCOVERY DEADLINE, CIPA § 4 MOTIONS
DEADLINE, AND PRETRIAL MOTIONS DEADLINE**

The Parties respectfully move for extensions of the May 22, 2026 deadline to complete discovery and to file the government's final motion under § 4 of the Classified Information Procedures Act (CIPA) and the May 19, 2026 deadline for the defense to file pretrial motions unrelated to classified materials. The motion is supported by good cause:

1. The Court's initial scheduling order set a February 13, 2026 deadline to file any pretrial motions unrelated to classified materials and a May 22, 2026 deadline to complete production of all discovery and to file all remaining CIPA § 4 motions. ECF 48.

2. The government produced the first tranche of classified discovery, consisting of approximately 2,200 pages, on January 7, 2026. ECF 54 ¶ 10. The government produced additional tranches of classified discovery on February 12 and March 20, 2026, consisting of approximately 285 and 191 pages, respectively. The government anticipates making a fourth classified discovery production shortly after filing its second CIPA § 4 motion on May 19, 2026.

3. The government continues to work with the relevant intelligence agencies on the review and production of classified discovery materials. However, as the government alerted the Court in recent filings, the government has encountered several issues in classified discovery that warrant an extension of the May 22, 2026 deadline to complete classified discovery and to file

all remaining CIPA § 4 motions. ECF No. 72 ¶ 8; ECF No. 74 ¶ 8. Specifically, the review has proven to be considerably more resource- and time-consuming than expected due to the nature of the documents at issue in this case. Unlike many cases involving the alleged mishandling of classified documents, where the documents at issue were created by an intelligence agency and bear official classification markings, the diary-like entries at issue here were created by the defendant and do not have such markings. As a result, determining the possible classification level of each diary-like entry requires a careful, line-by-line review of the diary-like entry, identification of the agency personnel with an equity in the information contained in the diary-like entry, consultations with those personnel about the information, and intricate searches of agency information.

4. Once the agencies complete the classification review of a diary-like entry, they then analyze whether classified information in the entry can be disclosed to the defendant and cleared defense counsel in classified discovery, or whether the government should seek a protective order authorizing the government to redact or provide summary substitutions in lieu of that information under CIPA § 4. The process of devising suitable proposed redactions and substitutions is especially resource- and time-consuming given the nature of the diary-like entries. Whereas redacting an especially sensitive name or phrase in a single paragraph standing alone might ordinarily be sufficient to protect the national security interests at issue, the lengthy diary-like entries here often contain surrounding context that could otherwise reveal the classified information. As a result, the process of devising suitable proposed redactions and substitutions is an iterative process entailing proposals, discussions with relevant agency personnel, revisions, and further discussions. Additionally, once the agencies have determined what redactions or substitutions to propose for a particular diary-like entry, they prepare a

declaration detailing the justifications for that requested relief to support the government's CIPA § 4 motion. Finally, implementing the proposed redactions and substitutions in the version of the diary-like entries to be produced to the defense in classified discovery is more cumbersome than in a normal case because, due to the nature of the classified information in this case, the government is processing the diary-like entries on a special secure computer without normal e-discovery tools.

5.      To date, the relevant agencies have completed the classification review — i.e., the process outlined in paragraph 3 above — of the electronic versions of the approximately 65 diary-like entries that the government has identified in this case, as well as other material obtained from the defendant. However, the agencies are still working to complete the classification review of approximately 500 pages of paper diary-like entries that appear to have no corresponding electronic version, as well as approximately 7,000 pages of other potentially classified paper documents found in the defendant's home. Once the classification review of these documents has been completed, they will then undergo the process outlined in paragraph 4 above.

6.      To complete these processes, the government respectfully seeks an extension of the deadline to complete discovery and to file all remaining CIPA § 4 motions from May 22, 2026, to September 30, 2026.[1] The defense consents to this request.

7.      This is the first request for an extension of the May 22, 2026 deadline to complete classified discovery and to file all remaining CIPA § 4 motions.

---

[1] Depending on that discovery, the defense respectfully reserves the right to revisit the current deadline for filing any classified motions following the government's completion of its classified discovery obligations on September 30, 2026.

8.  In addition, the Parties have been working diligently to meet their obligations to the Court, while continuing to engage in substantive, ongoing discussions with one another to facilitate the complicated discovery process, deciding whether and which non-classified defense motions are required, and to discuss if the matter can be otherwise resolved. Progress has been made on all of those issues. In addition, based on recent discussions with the Classified Information Security Officers, who have also consulted with the Court, in the next two weeks, the defense is preparing to move from its current SCIF in D.C. to a new SCIF in Greenbelt. Once that move has occurred, the defense will be able to continue reviewing voluminous discovery — both classified and unclassified — and drafting any motions. The parties believe that the ends of justice will be served by an extension of the deadline to file pretrial motions unrelated to classified material from May 19, 2026, to July 15, 2026.

A proposed order is attached.

Dated: May 15, 2026

Respectfully submitted,

By: */s/ Abbe David Lowell*
Abbe David Lowell
David A. Kolansky
Isabella M. Oishi
Lowell & Associates, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

*Attorneys for John Robert Bolton, II*

Kelly O. Hayes
United States Attorney

By: */s/ Robert I. Goldaris*
Robert I. Goldaris
Thomas M. Sullivan
Assistant United States Attorneys

Christian J. Nauvel
Acting Chief, Counterintelligence and
  Export Control Section
National Security Division
U.S. Department of Justice

By: */s/ Garrett Coyle*
Tanner Kroeger
Acting Deputy Chief
Garrett Coyle
Trial Attorney