

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Thomas M. Sullivan*
*Chief, National Security and Cybercrime Section*
*Thomas.Sullivan@usdoj.gov*

*6406 Ivy Lane*
*Suite 800*
*Greenbelt, Maryland 20770*

*Direct: 301-344-0871*
*Main: 301-344-4433*
*Fax: 301-344-4516*

May 29, 2026

**By email alowellpublicoutreach@lowellandassociates.com**

Abbe David Lowell, Esq.
Lowell & Associates, PLLC
1250 H Street, NW
Washington, D.C. 20005

FILED _____ ENTERED

_____ LOGGED _____ RECEIVED

JUN 2 6 2026

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

> Re:   *United States v. John Robert Bolton, II,*
> Criminal No. TDC-25-314

Dear Mr. Lowell:

This letter, together with the Sealed Supplement, confirms the plea agreement (the "Agreement") that has been offered to your client, John Robert Bolton, II (hereinafter the "Defendant" or "Bolton"), by the United States Attorney's Office for the District of Maryland ("USAO-MD") and the National Security Division of the U.S. Department of Justice ("NSD") (collectively, "the Prosecuting Offices"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. **The plea agreement is entered into and will be submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).** If this offer has not been accepted by **June 1, 2026, at 5:00 p.m.**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

1.      The Defendant agrees to plead guilty to Count Twelve of the Indictment, charging him with Retention of National Defense Information, in violation of 18 U.S.C. § 793(e). The Defendant admits that he is, in fact, guilty of the offense, and will so advise the Court.

Elements of Count Twelve: Retention of National Defense Information [18 U.S.C. § 793(e)]:

The elements of the offense to which the Defendant has agreed to plead guilty, and which the Prosecuting Offices would prove if the case went to trial, are as follows.

a. Defendant had unauthorized possession of, access to, or control over a document relating to the national defense; and

b. Defendant willfully retained that document relating to the national defense and failed to deliver it to the officer or employee of the United States entitled to receive it.

Penalties

2. The penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| Twelve | 18 U.S.C. § 793(e) | N/A | 10 years | 3 years | $250,000, or twice the gross gain | $100 |

a. *Prison*: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b. *Supervised Release*: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c. *Restitution*: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

d. *Payment*: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e. *Forfeiture*: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f. *Collection of Debts*: If the Court imposes a fine or restitution, USAO-MD's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (i) the full amount of the fine or restitution is nonetheless due and owing immediately; (ii) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (iii) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes USAO-MD to obtain a credit report in order to evaluate the Defendant's ability to pay,

2

and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by USAO-MD.

<u>Waiver of Rights</u>

3.      The Defendant understands that, by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.      If the Defendant had pleaded not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Prosecuting Offices, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that it could not draw any adverse inference from the Defendant's decision not to testify.

e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed that would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" provisions below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be

3

admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g.    If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced case, and the Court will find the Defendant guilty.

h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization.  The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status.  Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status.  The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty.  The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

i.    As part of this plea agreement, and based upon the concessions of the United States in this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to seek any additional discovery. Further, the Defendant knowingly, willingly, and voluntarily waives all pending requests for discovery. This waiver, however, shall not apply to any discovery that tends to negate the Defendant's guilt or the degree of the Defendant's culpability of the Defendant's offense level under the U.S. Sentencing Guidelines ("U.S.S.G.").

<u>Advisory Sentencing Guidelines Apply</u>

4.    The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551–3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991–98.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

5.    The Prosecuting Offices and the Defendant (collectively, the "Parties") stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

a.    The Parties understand, agree, and stipulate to the Stipulation of Facts set forth in Attachment A, which the Prosecuting Offices would prove beyond a reasonable doubt, and is incorporated by reference herein. The Parties further stipulate and agree that the Stipulation

4

of Facts establishes the commission of additional offenses—namely, Transmission of National Defense Information (Counts One through Eight) and Retention of National Defense Information (Counts Nine through Eleven, and Thirteen through Eighteen)—that the conduct is relevant conduct, and that the plea agreement shall be treated as if the Defendant had been convicted of additional counts charging those offenses pursuant to U.S.S.G. §§ 1B1.2(c) and § 1B1.3. The parties stipulate and agree to the following applicable sentencing guideline factors:

<u>Group One (Counts Nine through Eighteen – Retention of National Defense Information)</u>

b.    The Parties agree that pursuant to U.S.S.G. § 2M3.2(a)(1), the applicable base offense level for Counts Nine through Eighteen is **35**, because the Defendant gathered top secret information.

c.    The Parties further agree that, pursuant to U.S.S.G. § 3B1.3, there is a **2-level** increase because the Defendant abused a position of public trust, in a manner that significantly facilitated the commission or concealment of the offense. The adjusted offense level is **37**.

<u>Group Two (Counts One through Eight – Transmission of National Defense Information)</u>

d.    The Parties agree that pursuant to U.S.S.G. § 2M3.2(a)(1), the applicable base offense level for Counts One through Eight is **35**, because the Defendant gathered top secret information.

e.    The Parties further agree that, pursuant to U.S.S.G. § 3B1.3, there is a **2-level** increase because the Defendant abused a position of public trust, in a manner that significantly facilitated the commission or concealment of the offense. The adjusted offense level is **37**.

<u>Grouping</u>

f.    Pursuant to U.S.S.G. § 3D1.2(b), the offenses of conviction (Counts One through Eighteen) form a single group because they involve the same victims and two or more acts or transactions connected by a common objective or constituting part of a common scheme or plan, pursuant to U.S.S.G. § 3D1.2(b). The Defendant's total offense level is, therefore, **37**.

<u>Adjustment for Certain Zero-Point Offenders</u>

g.    The Prosecuting Offices will not oppose a **2-level** decrease if the Court determines that the Defendant meets the criteria listed in U.S.S.G. § 4C1.1.

<u>Acceptance of Responsibility</u>

h.    The Prosecuting Offices do not oppose a **2-level** reduction in the Defendant's combined offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the

5

Defendant's criminal conduct. The Prosecuting Offices agree to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. The Prosecuting Offices may oppose any adjustment for acceptance of responsibility under U.S.S.G. §3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. §3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense(s); (iii) gives conflicting statements about the Defendant's involvement in the offense(s); (iv) is untruthful with the Court, the Prosecuting Offices, the United States Intelligence Community ("USIC"), or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way. The resulting offense level is **32** (if the zero-point offender adjustment applies) or **34** (if the adjustment does not apply).

6.    There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

7.    Other than as set forth above, no other offense characteristics, sentencing guidelines factors, or potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Rule 11(c)(1)(C) Plea

8.    The Parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **no greater than 60 months imprisonment** in the custody of the Bureau of Prisons, and **a criminal fine of $2,250,000**—with an initial payment of no less than $1,125,500 within five days of sentencing, and payment of the remaining balance (and any accrued interest) no later than 90 days after sentencing—is the appropriate disposition of this case. This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either the Defendant or the Prosecuting Offices may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea to this plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

## Obligations of the Parties

9.    The Parties agree to recommend that the Court impose a criminal fine of **$2,250,000**, pursuant to 18 U.S.C. § 3571(d). **The Defendant agrees to provide the Clerk of Court with an initial payment of no less than $1,125,000 within five days of sentencing, and to pay the remaining balance (and any accrued interest) no later than 90 days after sentencing.** The Parties reserve the right to advocate for any sentence from probation up to 60 months' imprisonment and any period of supervised release based on any appropriate factors under

6

18 U.S.C. § 3553(a). The Defendant and his counsel must provide the Prosecuting Offices with any information that will be used and/or relied upon at sentencing no less than fourteen (14) days prior to sentencing. The Parties reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that the Parties deem relevant to sentencing. At the time of sentencing, the Prosecuting Offices will move to dismiss any open counts against the Defendant.

10. The Defendant, accompanied by cleared counsel, agrees to participate in a satisfactory debrief with members of the USIC and the Department of Justice regarding the offense of conviction and all relevant conduct. During the debrief, the Defendant agrees to provide truthful, complete, and accurate information. The determination whether the Defendant's debrief is satisfactory rests solely in the discretion of the Prosecuting Offices and is not subject to review or appeal. The Prosecuting Offices will make this determination in good faith based on the truthfulness and completeness of the information provided by the Defendant.

11. The Defendant further agrees to provide the government with up to 100 hours of community service at the direction of the Department of Justice to assist in the government's law enforcement or intelligence efforts to identify and remediate issues related to the improper disclosure, handling, and retention of classified information by public officials.

12. The Defendant further acknowledges that, in connection with his government employment, he entered into certain agreements prohibiting the unauthorized disclosure of classified information, confidential information, and other information acquired as a part of the Defendant's performance of his official duties. Even though the Defendant is no longer a government employee or contractor, the Defendant acknowledges his continuing duties and obligations under these agreements. The Defendant understands and agrees that he has a continuing legal obligation to refrain from the unauthorized oral or written disclosure or retention of classified information or information relating to the national defense. The Defendant understands and agrees that the law forbids him from disclosing, communicating, transmitting, retaining or disseminating any classified information or information relating to the national defense, without regard to where, when, or how he learned of or came into the possession of the classified information or information relating to the national defense. The Defendant understands and agrees that merely because classified information or information relating to the national defense may have appeared publicly does not render that information unclassified.

13. The Defendant understands and acknowledges his legal obligation to refrain from the unauthorized oral or written disclosure or retention of information derived from the United States government or derived from the activities described in the Statement of Facts set forth in Attachment A. Should the Defendant at any time author or participate in the creation of any book, writing, article, film, documentary or other production, or otherwise provide information for purposes of publication or dissemination, including but not limited to information provided through interviews with freelance writers or representatives of any media organization or entity, defendant hereby agrees first to submit in a timely fashion said book, writing, article, film, documentary, or information to the relevant member(s) of the USIC for timely pre-publication review and deletion of information which, in the discretion of the relevant USIC member, should not be published or disseminated on the grounds of national security or on such other grounds as

are already the subject of the Defendant's pre-existing agreements with the United States government.

14.    The Defendant understands, pursuant to 5 U.S.C. § 8312, that he, or his survivor or beneficiary, may not be paid annuity or retired pay on the basis of the service of the Defendant which is creditable toward the annuity or retired pay, due to the Defendant's conviction after September 1, 1954, of a violation of 18 U.S.C. § 793.

15.    The Defendant is aware of and acknowledges the potential application of the provisions of 28 C.F.R. § 501.2 governing conditions of incarceration in national security cases.

16.    This Plea Agreement and Statement of Facts are binding only upon the Prosecuting Offices, and they do not confer on the Defendant any immunity from prosecution by any component of the United States Department of Justice other than the Prosecuting Offices, or by any state or local government in the United States.

## Waiver of Appeal

17.    In exchange for the concessions made by the Parties in this Agreement, the Parties waive their rights to appeal as follows:

a.    The Defendant knowingly and expressly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any other ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute, to the extent such challenges legally can be waived.

b.    If the Court imposes a term of imprisonment of no greater than 60 months, than the Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term or condition of supervised release, or order of forfeiture or restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

18.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned case and agrees not to file any request for documents from the Prosecuting Offices or any investigating agency.

## Defendant's Conduct Prior to Sentencing and Breach

19.    Between now and the date of sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the agreed-upon charge to the probation officer and the

Court; will be truthful in any statement to the Court, the Prosecuting Offices, law enforcement agents, the USIC, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

20.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (a) the Prosecuting Offices will be free from their obligations under this Agreement; (b) the Prosecuting Offices may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C); and (c) in any criminal or civil proceeding, the Prosecuting Offices will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11. A determination that the Prosecuting Offices are released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea.    The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement.  In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement.

## Consequences of Vacatur, Reversal, or Set-Aside

21.     If a conviction entered pursuant to this Agreement is vacated, reversed, or set aside for any reason, then the Prosecuting Offices will be released from their obligations under this Agreement, and any prosecution that is not time-barred as of the date of the signing of this Agreement (including any counts the Prosecuting Offices have agreed to dismiss) may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  The Defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date this Agreement is signed, and any applicable statute of limitations will be tolled from the date of this Agreement until 120 days after the vacatur, reversal, or set aside becomes final.  The Defendant waives any defenses based on double jeopardy, pre-indictment delay, or the Speedy Trial Act as to any time between the signing of this Agreement and the reinstatement of any prosecution.

## Entire Agreement

22.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between the Parties.  There are no other agreements, promises, undertakings, or understandings between the Defendant and the Prosecuting Offices

(cont'd)

9

other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties, and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

KELLY O. HAYES
United States Attorney
District of Maryland

By: _____

Digitally signed by THOMAS SULLIVAN
Date: 2026.06.01 16:51:29 -04'00'

Thomas M. Sullivan
Assistant United States Attorney

CHRISTIAN J. NAUVEL
Acting Chief
Counterintelligence and Export
    Control Section
National Security Division
U.S. Department of Justice

By: _____

Tanner Kroeger
Acting Deputy Chief
Garrett Coyle
Trial Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorneys. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorneys, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorneys.

6/1/26
Date

John Robert Bolton, II

I am the Defendant's attorney. We have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises us that the Defendant understands and accepts its terms. To our knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

6/1/26
Date

Abbe David Lowell, Esquire

10