**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN ROBERT BOLTON, II,<br><br>Defendant. | Case No. 8:25-cr-0314-TDC |

**DEFENDANT JOHN ROBERT BOLTON'S**
**CIPA SECTION 5 NOTICE**

Defendant John Robert Bolton, II, pursuant to Section 5 of the Classified Information Procedures Act ("CIPA"), submits this notice of classified information that Ambassador Bolton reasonably expects to cause the disclosure of during the course of Ambassador Bolton's sentencing submissions (to be provided via the Classified Information Security Officers ("CISOs") in a separate sealed supplement). Defense counsel conferred with counsel for the government on September 8, 2026 about the material it reasonably expects to disclose in its sentencing submission to the Court and the United States. Because the classified disclosure is limited only to material contained in Ambassador Bolton's diary entries—provided by the government to the defense in this case—government counsel agreed to waive any more specific, written CIPA Section 5 notice obligations. No portion of the defense's anticipated supplemental classified sentencing submission will be made publicly available, as government counsel has informed defense counsel that the government intends to file a motion under Section 6(a) of CIPA to restrict use of this classified information at sentencing to *in camera* proceedings with appropriate security protections prescribed by the CISOs.

**APPLICABLE LAW**

Section 5(a) of CIPA requires a defendant "to notify the court and the prosecutor about any classified information he reasonably expects to disclose at trial." *United States v. Fernandez*, 913 F.2d 148, 151 (4th Cir. 1990); *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983); *see* 18 U.S.C. App. III § 5(a) (requiring notice to the government and the court when "a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant"). No defendant shall disclose any known classified information in connection with a court proceeding until notice has been given under CIPA Section 5. Notice is timely if provided "as soon as possible" after a defendant learns that the defense may reasonably cause the disclosure of classified information. *See* 18 U.S.C. App. III § 5(a).[1]

Notice under Section 5 "shall include a brief description of the classified information." 18 U.S.C. App. III § 5(a). The Section 5 notice is sufficient where the government is able to identify what documents or information to which the defendant is referring and what information is contained in them. *See United States v. Miller*, 874 F.2d 1255, 1276 (9th Cir. 1989). Further, the defendant need not establish the relevance of the specified information in order to satisfy the requirements of Section 5. *United States v. Rewald*, 889 F .2d 836, 855 (9th Cir. 1989).

**DESCRIPTION OF CLASSIFIED INFORMATION**

In connection with his forthcoming sentencing hearing, Ambassador Bolton intends to cause the disclosure of limited information contained in his written diaries which have been deemed to be classified, the specifics of which the government already knows, and which were

[1] Ambassador Bolton's counsel conferred with the government on September 3 and September 8, 2026, and provided counsel notice of its intent to disclose limited classified information to the Court in connection with Ambassador Bolton's forthcoming sentencing hearing.

seized by the government and produced in classified discovery to the defense in this case. The supplemental sentencing submission will not contain or disclose classified information derived from any other source.

After conferring with government counsel about this anticipated submission, the government indicated it waives any additional CIPA Section 5 notice obligations. Notwithstanding, Ambassador Bolton submits this notice to comply with his obligations under CIPA Section 5(a), the CIPA Protective Order entered in this case (ECF 44), and to provide timely notice to the Court and the CISOs.

Dated: September 11, 2026

Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell (#11863)
David A. Kolansky (*admitted pro hac vice*)
Isabella M. Oishi (*admitted pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

*Counsel for John Robert Bolton, II*